NORMAN J. TIBBS AND DOROTHY L. TIBBS, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Tibbs v. Commissioner
Docket No. 32394-85.
United States Tax Court
T.C. Memo 1987-515; 1987 Tax Ct. Memo LEXIS 511; 54 T.C.M. (CCH) 856; T.C.M. (RIA) 87515; October 1, 1987. Norman J. Tibbs, pro se. Kermit O. Keeling, for the respondent. WILLIAMS
MEMORANDUM OPINION WILLIAMS, Judge: The Commissioner *512 determined a deficiency in petitioner's 1982 Federal income tax in the amount of $ 13,993.25. The issues this Court must decide are: (1) whether certain rental property qualifies as section 38 [1] property and (2) whether the rental property qualifies as section 179 property. The facts of this case have been fully stipulated pursuant to Rule 122, Tax Court Rules of Practice and Procedure, and are so found. Petitioners Norman J. and Dorothy L. Tibbs are husband and wife who resided at Houston, Texas at the time the petition was filed. In May of 1982 petitioners purchased six two-bedroom wood frame houses, each of which rested on cinder blocks, situated on two lots in Houston, Texas. [2] The houses were originally placed in their present locations on or about 1942 and have never been moved. The purchase price of the houses was $ 62,120.00 of which $ 2,120.00 was allocated to the land and $ 60,000.00 was allocated to the houses. *513 The houses were bought for the purpose of using them as residential rental property and were occupied by tenants when purchased. Many of the tenants continued to rent the premises from petitioners. Petitioners were not at any time, including during 1982, involved in the hotel or motel business. Petitioners provided general maintenance, repairs, and general upkeep of the six two-bedroom frame houses, but provided no other services in 1982 or any other years. Petitioners paid the water bills because the houses were serviced from a common water meter. The houses have utility connections for water and sewer, and for electricity and gas. City of Houston ordinances and procedures require permits and adherence to safety precautions in moving houses, all of which would have to be followed in order to move the houses in issue. Because of these ordinances and procedures, it is difficult to accurately estimate the time it would take to move the houses. Petitioners claimed an investment tax credit on their 1982 tax return in the amount of $ 6,744.00, which respondent disallowed in full. The first issue for our decision is whether the six houses purchased by petitioners qualify as *514 section 38 property. Section 38 provides an investment tax credit for all property qualifying as section 38 property. If the houses are real property, they must be "other tangible property" used as specified in the statute to qualify as section 38 property. Section 48(a)(1)(B). Petitioners' six houses are not used in any of the ways provided in section 48(a)(1)(B). Therefore, the houses are not "other tangible property" that qualifies as section 38 property. Petitioners argue that because the houses are moveable, they are "tangible personal property" for purposes of the investment tax credit. Section 48(a)(1)(A) provides that "tangible personal property" that is depreciable qualifies as section 38 property. Although it is possible to move the houses, the task would be difficult, and we note that the houses have never been moved. We do not need to determine, however, whether these houses are personal property, section 1.48-1(c), Income Tax Regs., because they have been used exclusively for residential rental purposes. Tangible personal property does not qualify as section 38 property if it is "used predominantly to furnish lodging or is used predominantly in connection with *515 the furnishing of lodging." Section 1.48-1(h), Income Tax Regs. The houses in this case were used for nothing else. It has been long established, Moore v. Commissioner,58 T.C. 1045 (1972), affd. per curiam 489 F.2d 285 (5th Cir. 1973), that mobile homes used as residential rental property do not qualify as section 38 property though such homes are tangible personal property. [3] A fortiori, the houses in this case do not qualify as section 38 property. The houses were immediately placed into residential rental use by petitioners after their purchase. The houses were not used in any hotel or motel business. See section 48(a)(3)(B). Consequently, the disallowance of petitioners' claim for an investment tax credit on residential rental property was improper. The second issue the Court must address is whether the residential rental property is section 179 property. Section *516 179(d)(1) defines section 179 property as "any recovery property which is section 38 property." Having already determined that petitioners' six rental houses do not qualify as section 38 property, it follows that the houses do not qualify as section 179 property. Because of concessions, Decision will be entered under Rule 155.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, unless otherwise indicated. ↩
2. The houses in issue were not attached to the blocks on which they rested nor were the blocks attached to the ground. Each house is separated from the blocks by a metal plate (termite shield). ↩
3. Moore v. Commissioner,58 T.C. 1045 (1972), affd. per curiam 489 F.2d 285 (5th Cir. 1973) has been followed in Koerner v. Commissioner,T.C. Memo. 1983-588; Kilgannon v. Commissioner,T.C. Memo. 1971-325↩.